UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 19-CR-10117-IT |
| | ) | |
| (11)   DEVIN SLOANE, | ) | |
| | ) | |
| Defendant | ) | |

## REPLY IN OPPOSITION TO MOTION FOR A CLOSED HEARING

The United States of America hereby respectfully submits this brief response in opposition to Defendant Devin Sloane's motion for a closed hearing to "provide the Court with testimony regarding recent developments concerning information that has previously been filed under seal." In addition to Department of Justice policy, the Government's reasons for opposing the closed hearing are as follows:

*First*, the Government was not made aware of Defendant's intention to move for a closed hearing until the afternoon of Friday, September 20, 2019, just four days prior to sentencing. Notably, although defense counsel has told the Government that the testimony will be elicited from Dr. Jeffrey Whiting, who has already filed a lengthy expert report in this matter, defense counsel has been opaque about the precise nature of his testimony, stating only that it would "tak[e] into consideration events which occurred subsequent to July." The Government has received no documentation regarding the "events" referenced by defense counsel or any indication as to why Dr. Whiting could not file an update to his July 2019 report that is already before this Court. Accordingly, given the late disclosure of Dr. Whiting's proposed testimony, as well as the failure to disclose the nature of said testimony, which prevents the Government from preparing for the hearing, preclusion of Dr. Whiting's live testimony is warranted. *See United States v. Claudio*, 44

F.3d 10, 16 (1st Cir. 1995) ("there is no automatic right to present live testimony at sentencing," and Court approved a "proffer" of the proposed testimony in lieu of the live witness); *see also United States v. Pedroza-Orengo*, 817 F.3d 829, 835 (1st Cir. 2016) (same).

*Second*, the testimony of Dr. Whiting will be cumulative of other evidence already provided to the Court. In addition to the July 2019 report by Dr. Whiting, Defendant has also filed under seal medical-related expert reports by: Dr. Sheila Balkan, Dr. Laura Bruno, Kathleen Mojas, Ph. D., Dr. Karol Darsa, James Flowers, Ph. D, Genise Fraiman, MD, and Betsy Braun. Clearly, the Court has been made aware of sufficient materials concerning Defendant that do not require further amplification at a closed hearing. *Pedroza-Orengo*, 817 F.3d at 835 (district court did not abuse its suggestion in denying continuance in order to provide live testimony "given the absence of any suggestion that the expert's live testimony would contribute anything beyond what the expert had already stated in the detailed written report that had been provided for the district court").

Accordingly, for these reasons, the Government respectfully asks this Court to deny Defendant's request for a closed hearing prior to sentencing.[1]

Respectfully submitted,

ANDREW E. LELLING
UNITED STATES ATTORNEY

Dated: September 20, 2019            By:    */s/ Eric S. Rosen*
ERIC S. ROSEN
JUSTIN D. O'CONNELL
LESLIE A. WRIGHT
KRISTEN A. KEARNEY
Assistant United States Attorneys

---

[1] Counsel for the Government also told defense counsel that given the late nature of the request for a supplemental sentencing hearing, a scheduling conflict prevents his attendance at any closed hearing from 11:00 a.m. to 1:00 p.m. on September 24, 2019.